**K & K INVESTMENTS, INC., Plaintiff/Appellant,**

v.

**Dallas L. McCOY, Defendant/Respondent.**

No. 64245.

Missouri Court of Appeals, Eastern District, Division Two.

May 3, 1994.

Marvin M. Klaman, Goffstein, Kraus, Sherman, Seigel & Weinberg, St. Louis, for appellant.

Lisa A. Pake, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, for respondent.

CRANE, Judge.

Plaintiff K & K Investments, Inc. brought this action in the St. Louis County Circuit Court in ejectment and for rents due against defendant, Dallas McCoy, and his now deceased wife, Georgia McCoy. Plaintiff claimed a right to possession to defendant's residence under a sheriff's deed and execution sale on a St. Louis City Circuit Court judgment. Defendant counterclaimed to quiet title, to cancel the sheriff's deed, and to set aside the execution on the ground that the City circuit court had set the judgment aside as void. The trial court granted summary judgment in favor of defendant, quieting title in his favor and declaring the sheriff's deed null and void. Plaintiff appeals. We affirm.

On October 10, 1989 the circuit court of the City of St. Louis, in Dallas Johnson Properties, Inc. v. Hubbard, et al., No. 862–01316 (the City case), entered a judgment in favor of Integon Indemnity Corporation (Integon) against defendant and his wife in the amount of $50,390.82. Integon transcribed the City judgment in the St. Louis County Circuit Court for execution. On January 30, 1990 Integon notified defendant and his wife of the October 10, 1989 City judgment and advised them that their residence in St. Louis County would be sold at a sheriff's sale unless they satisfied the judgment.

On April 2, 1990 defendant and his wife filed a motion in the City circuit court to set aside the City judgment. On April 4, 1990 plaintiff purchased defendant's residence for $1,010 at the execution sale. On the same date, the City circuit court entered an order staying execution of the judgment against defendant and his wife, pending a full hearing on the merits of defendant's motion. Defendant's wife died in April, 1990.

On December 23, 1991 the City circuit court entered its Order setting aside its October 10, 1989 judgment against defendant and his wife. In its order the City circuit court made the following findings:

(1) Third–Party Defendants Dallas and Georgia McCoy are entitled to have the Judgment of October 10, 1989 set aside under Mo.R.Civ.P. 74.03 on the ground that both their affidavits and the court file establish that third-party defendants were not served with notice of the entry of the judgment by the clerk as required by said rule and third-party defendants were therefore prejudiced in that they were denied their right to a direct appeal and suffered execution on their property. Third-party defendants have timely filed a written motion under said rule showing good cause to set the judgment aside, in that third-party defendants were never served with the summons and third-party petition in the case. Dallas McCoy was never even joined as a party by any order of the Court.

(2) Third–Party Defendants are further entitled to have the Judgment of October 10, 1989 set aside pursuant to Mo.R.Civ.P. 74.06(b), on the following alternative grounds:

(a) the judgment is void pursuant to Rule 74.06(b)(4), in that (i) third-party defendants were never served with the process required to make them parties to the suit; (ii) the Court in any event never authorized Dallas McCoy to be joined as a party to the suit; and (iii) the unauthorized Answer purportedly filed on the McCoys' behalf was filed before Integon had even obtained leave to join the McCoys as parties to the suit and was

therefore a nullity. Therefore, the Court had no jurisdiction over Dallas and Georgia McCoy and the judgment was void;

(b) the adverse party engaged in misconduct under Rule 74.06(b)(2) in failing to serve third-party defendants with copies of pleadings after they were purportedly joined as parties and their alleged counsel withdrew; and/or

(c) third-party defendants have demonstrated excusable neglect pursuant to Rule 74.06(b)(1). They did not monitor the proceedings because they were unaware of personal claims against them, and have raised a meritorious defense to the third-party action in their claims set forth in Mr. McCoy's Affidavit that Integon failed to notify the McCoys prior to settling the case and to involve the McCoys in defending the claim.

The City circuit court then ruled:

For the foregoing reasons, the motion of Dallas and Georgia McCoy is *ALLOWED* and the judgment is set aside *ab initio*.

On January 21, 1992 defendant filed his verified counterclaim to quiet title and set aside the execution sale of his residence. Both parties filed motions for summary judgment. In his motion for summary judgment, defendant relied on the December 23, 1991 order in the City case and asserted he was entitled to judgment as a matter of law because

[a]n execution must be predicated upon a valid judgment and if the judgment is later set aside as void the execution must likewise fall. The title obtained by K & K pursuant to the execution sale is void because the underlying judgment has been set aside as void for lack of jurisdiction.

The County circuit court entered judgment for defendant and denied plaintiff's motion. The court further ordered that the sheriff's deed executed on April 4, 1990 purporting to convey defendant's property be "held for naught and adjudged null and void." Plaintiff appeals from this order.

Rule 74.04 controls the grant of summary judgment. The version of Rule 74.04(c) which was in effect at the time this matter was before the trial court provided that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Our review of a summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). In determining whether to sustain the motion, we use the same criteria for testing the propriety of summary judgment as used by a trial court. *Id.* "The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute." *Id.* at 378. "The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *Id.* at 380.

On appeal plaintiff contends that the trial court erred in setting aside the execution sale because the City judgment was valid at the time of sale and the City court's order setting aside the judgment did not have a "preclusionary effect" on the County title action. Plaintiff relies on § 511.240, RSMo 1986, which provides:

No sale or conveyance of property for the satisfaction of any judgment, regularly made, shall be affected or prejudiced by the setting aside any judgment on the appearance of a defendant, as herein provided, if the property shall be in the hands of innocent purchasers.

Plaintiff argues that the October 10, 1989 City judgment was a "valid and subsisting judgment" which was thereafter "merely" set aside.

The City circuit court ordered its judgment against defendant and his wife set aside *ab initio*. *Ab initio* means "from the beginning; from the first act; from the inception." Black's Law Dictionary 6 (6th ed. 1990).

One of the grounds the City circuit court specified for setting aside its order was that "the judgment is void pursuant to Rule 74.-06(b)(4)." A court may relieve a party from a final judgment under Rule 74.06 by setting aside a judgment it finds void. A void judgment is defined as follows:

One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. One which, from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. (citations omitted)

Black's Law Dictionary 1574 (6th ed. 1990).

The City circuit court found that the judgment was void because it had never obtained jurisdiction over defendant and his wife in that they had not been served. Service of process is a prerequisite to jurisdiction over the person of a defendant. *Roberts v. Johnson*, 836 S.W.2d 522, 524 (Mo.App. 1992). A judgment entered against a party by a court lacking personal jurisdiction over that party is void. *Id.* A void judgment is not a "judgment, regularly made" as that term is used in § 511.240.

An execution sale based on a void judgment does not vest title in the purchaser, even if the purchaser is a stranger to the proceedings. *State ex rel. Horine Farms, Inc. v. Jones*, 830 S.W.2d 894, 896 (Mo.App. 1992). Plaintiff's arguments relating to whether it was a *bona fide* purchaser for value do not apply in the context of a void judgment. *See id.* The City circuit court's action setting aside *ab initio* its previous judgment as void meant there was no judgment on which execution could be based. That the judgment was also set aside for other reasons does not diminish the fact that the trial court found the judgment to have been entered without jurisdiction and thus void.

 Plaintiff also contends that the execution sale could not be set aside under Rule 74.03 because the sale was neither an order nor a judgment and defendant's motion for summary judgment in the County case was not filed within six months. Plaintiff further argues that defendant was not entitled to relief in the County case under Rule 74.06. Plaintiff asserts that defendant did not properly support his motion in the County case with evidence to support findings which plaintiff contends are required under Rules 74.03 and 74.06. These arguments have no merit. Defendant's counterclaim filed in the County case was an independent action in equity to quiet title, to cancel the sheriff's deed, and to set aside the execution. It was not a motion to set aside a judgment under Rules 74.03 or 74.06. An execution sale may be set aside by an independent suit in equity. *See Huff v. Huff,* 622 S.W.2d 731, 733 (Mo. App.1981); *Workman v. Anderson,* 297 S.W.2d 519, 523 (Mo.1957), and cases cited therein. It is axiomatic that a deed based on a void judgment may be collaterally attacked. *Davison v. Arne,* 155 S.W.2d 155, 156 (Mo. 1941).

 Plaintiff also attacks the sufficiency of the evidence and pleadings on which the City circuit court's order setting aside the judgment against defendant and his wife was based. In this connection it has sought leave to file, out-of-time, as part of the legal record, the pleadings in the City case prior to the entry of the order setting aside the judgment. The legal file in this court does not indicate that plaintiff so challenged the City circuit court order in the County circuit court. Accordingly, these arguments may not be raised for the first time on appeal. *State ex rel. Kessler v. Shay,* 820 S.W.2d 311, 315 n. 1 (Mo.App.1991). Further, this issue could not have been raised in the trial court. Judgments are conclusive of the matters adjudicated and are not subject to collateral attack except on jurisdictional grounds. *Division of Employment Sec. v. Cusumano,* 809 S.W.2d 113, 116 (Mo.App.1991). The judgment of a court having jurisdiction cannot be collaterally impeached by showing that the evidence on which it was based would have been insufficient to sustain the judgment on appeal. *Id.*

We have considered plaintiff's remaining arguments raised under points one and two of its brief and find them to be without merit. Plaintiff has not shown that defendant was not entitled to judgment as a matter of law. Points one and two are denied.

For its third point, plaintiff contends that summary judgment should be entered in its favor. This argument rests on an assumption that plaintiff prevailed on either point one or point two of this appeal. Since plaintiff did not prevail, this point is denied.

The judgment of the trial court is affirmed. Plaintiff's motion to supplement the legal file, out-of-time, with pleadings from the City case prior to its order setting aside its judgment is denied.

KAROHL and CRAHAN, JJ., concur.