Denise Zwick COOK, Plaintiff–Appellant,

v.

Subbarao POLINENI, M.D., Defendant–Respondent.

No. 72205.

Missouri Court of Appeals, Eastern District, Division Four.

April 28, 1998.

---

Roger G. Brown & Associates, Keith W. Brunstrom, Jefferson City, Tolin & Zevan, L.L.C., St. Louis, for appellant.

Seibel & Eckenrode, P.C., Robert C. Seibel, St. Louis, for respondent.

HOFF, Judge.

Denise Zwick Cook (Plaintiff) appeals from the trial court's Amended Order and Judg-

ment[1] setting aside a $700,000 default judgment entered against Subbarao Polineni, M.D., (Defendant) in July 1995. We affirm.

In October 1994, Plaintiff filed her medical malpractice petition against Defendant seeking damages for injuries she allegedly sustained as the result of surgical procedures and related care provided to her by Defendant. The return of service of summons states the deputy sheriff served Defendant at 10:05 a.m. on October 13, 1994, by delivering a copy of the petition "to Carol Benthal/Rec who accepted service thereof for and on behalf of Subbarao Polineni/MD 3655 Vista." When Defendant did not file a responsive pleading or entry of appearance, Plaintiff filed a motion for default judgment in April 1995. The trial court conducted "an inquiry hearing" on July 13, 1995, at which Defendant did not appear, and entered judgment against Defendant in the amount of $700,000 plus costs.

On August 8, 1996, approximately two days after Defendant reportedly first learned of the lawsuit, Defendant filed a motion to set aside the default judgment.[2] After an evidentiary hearing in January 1997, the trial court, in relevant part, set aside the default judgment under Rule 74.06(b)(4) upon finding the judgment was void.[3] Specifically, the trial court concluded the judgment was void because: (1) Defendant is an individual who must be served pursuant to Rule 54.13(b)(1);[4] (2) the prima facie showing of proper service based upon the sheriff's re-

---

1. This appeal was pursued initially from the trial court's January 1997 order setting aside the default judgment. The parties subsequently submitted an identical ruling of the trial court denominated "Amended Order and Judgment."

2. The record on appeal does not include a copy of that motion. The trial court's ruling setting aside the default judgment notes the motion was part of a single document that included a petition under section 511.170 RSMo 1996 which was filed as a separate lawsuit. The record reveals the trial court consolidated the two cases and then dismissed as moot the separate lawsuit upon setting aside the default judgment in this case.

3. The trial court also denied the motion as untimely to the extent Defendant sought relief under Rules 74.05, 74.06(b)(1), 74.06(b)(2), and

74.06(b)(3). That part of the trial court's ruling is not at issue in this appeal and will not be further addressed by this Court.

4. Rule 54.13(b) provides:

Personal service within the state shall be made as follows:

(1) On Individual. Upon an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process.

turn and Rule 54.22(a)[5] was rebutted by clear and convincing evidence corroborating Defendant's denial of service, because "several witnesses testified convincingly that [Defendant] never authorized ... Benth[a]l to accept service on his behalf, and no one testified that he had"; and, therefore, (3) Benthal was not authorized to accept service for Defendant. Accordingly, the trial court set aside the default judgment and reinstated the case on the trial docket. This appeal followed.

In her sole point, Plaintiff contends the trial court erred in ruling the default judgment was void for lack of personal service of process because Defendant failed to rebut the prima facie showing of proper service with clear and convincing evidence that Benthal was not an agent authorized by appointment to receive service of process on his behalf.

■ We have jurisdiction to address this appeal because the motion to set aside the default judgment and the trial court's ruling setting the default judgment aside were filed more than thirty days after entry of the default judgment. *Continental Basketball Ass'n v. Harrisburg Professional Sports, Inc.*, 947 S.W.2d 471, 473 (Mo.App. E.D. 1997); *Gantz v. Director of Revenue, Mo.*, 921 S.W.2d 156, 157 (Mo.App. E.D.1996); *Mid–States Tubulars, Inc. v. Maverick Tube Corp.*, 735 S.W.2d 142, 145–46 (Mo.App. E.D. 1987). The appeal presents a question of law we review independently, rather than for abuse of discretion, because the issue on appeal focuses on Defendant's contention the default judgment was void for lack of personal jurisdiction. *Laser Vision Ctrs., Inc. v.*

*Laser Vision Ctrs. Int'l, SpA*, 930 S.W.2d 29, 31 (Mo.App. E.D.1996).

■ Rule 74.06(b)(4) permits a court on motion to relieve a party from a final judgment or order, on such terms as are just, when the judgment is void. That Rule is applicable to default judgments. *Williams v. Williams*, 932 S.W.2d 904, 905 (Mo.App. E.D. 1996); *In re the Marriage of Brown*, 878 S.W.2d 94, 96 (Mo.App. E.D.1994). A judgment entered against a defendant by a court lacking personal jurisdiction over that defendant is void.[6] *K & K Invs., Inc. v. McCoy*, 875 S.W.2d 593, 596 (Mo.App. E.D.1994).

■ Service of process is a prerequisite to the exercise of personal jurisdiction over a defendant. *Id.* Personal service within Missouri on an individual defendant may be effectuated by delivering a copy of the summons and petition to the individual personally, by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with a family member over the age of fifteen years, or "by delivering a copy of the summons and of the petition to *an agent authorized by appointment* or required by law *to receive service of process.*" Section 506.150.1(1) RSMo 1994 (emphasis added); Rule 54.13(b)(1). A return of service is prima facie evidence of service. Rule 54.22(a). To impeach a return of service there must be

> clear and convincing evidence corroborating the denial of the party alleged to have been served....

\* \* \*

■ ... In Missouri, clear and convincing evidence is that 'which tilts the scales in

---

5. Rule 54.22(a) states in relevant part that "[t]he return of service shall be considered prima facie evidence of the facts recited therein."

6. A void judgment is:
 One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. One which, from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a

'void judgment' if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. (citations omitted)[.] *K & K Invs., Inc. v. McCoy*, 875 S.W.2d 593, 596 (Mo.App. E.D.1994) (internal quotation marks omitted) (quoting *Black's Law Dictionary* 1574 (6th ed.1990)). *See also Platt v. Platt*, 815 S.W.2d 82, 83 (Mo.App. E.D.1991) (stating "[a] Rule 74.06(b) motion to declare a judgment void is only appropriate when the court which rendered that judgment lacked jurisdiction over the subject matter or the parties, or acted in a manner inconsistent with due process of law").

the affirmative when weighted against evidence in opposition; evidence which clearly convinces the fact finder of the truth of the proposition to be proved.' *In the Interest of J.A.J.*, 652 S.W.2d 745, 748 (Mo.App. 1983).

*Hoffman v. Quality Chrysler Plymouth Sales, Inc.*, 706 S.W.2d 576, 580 (Mo.App. E.D.1986); see also *Van Vooren v. Schwarz*, 899 S.W.2d 594, 595 (Mo.App. E.D.1995) ("Clear and convincing evidence corroborating the denial of the party alleged to have been served is necessary to impeach the verity of the return" of service). When a "court finds service as reflected by the sheriff's return was not correct, the court may set aside the judgment, modify it, or take whatever action justice requires." *Hoffman*, 706 S.W.2d at 579.

Neither the statute nor the rule defines the phrase "agent authorized by appointment" to accept service of process on behalf of an individual defendant. Plaintiff contends the trial court erroneously concluded Defendant must expressly authorize Benthal to accept process on his behalf. Plaintiff urges that, under the circumstances, Benthal had at least implied authority to accept service of process for Defendant.

▮▮▮ An agency relationship may be created by written words, spoken words, or other conduct of the principal "which, reasonably interpreted, causes the agent to believe that the principal desires [the agent] so to act on the principal's account." *Leidy v. Taliaferro*, 260 S.W.2d 504, 506–07 (Mo.1953) (internal quotation marks and emphasis omitted) (quoting Restatement, Agency, section 26).

[A] principal ... is responsible for the acts and agreements of its agents which are within their actual or apparent authority.... Actual authority may be express or implied. Express authority is created when the principal explicitly tells the agent what to do. Implied authority consists of

those powers incidental and necessary to carry out the express authority.

*Nichols v. Prudential Ins. Co. of America*, 851 S.W.2d 657, 661 (Mo.App. E.D.1993) (citations omitted).

▮▮▮ The evidence reveals that Benthal had neither express nor implied authority to accept service of process on behalf of Defendant. The address where the summons and petition were served (3655 Vista) was office space within Bethesda Hospital shared by: Defendant, a hand surgeon; Dr. Babu R. Dandamudi, who specialized in geriatrics and family practice; and Dr. Ramarao Kaza, who specialized in urology. It is undisputed that Benthal was employed and paid only by Dandamudi and was the person most regularly at the office suite, between the hours of 8:00 a.m. and 4:00 p.m.

Each doctor had his own schedule of presence in the office suite, his own practice, and his own contract with Bethesda Hospital regarding rental of the space. Defendant was there on a regular basis up to two afternoons a week,[7] and at other times based upon appointment. Defendant and his assistant, Margaret Smith, usually arrived at the same time, at approximately 4:00 p.m., unless surgery obligations required Defendant to arrive at a different time. Smith ordinarily opened Defendant's mail, maintained his schedule, and paid bills related to Defendant's practice. Defendant instructed Smith not to accept service on behalf of Defendant.

The office activities Benthal performed for Defendant consisted of conferring with his assistant, picking up the mail and placing it on his assistant's desk, accepting certified mail, and answering his separate telephone line.[8] Neither Defendant nor his assistant expressly authorized Benthal to accept service on behalf of Defendant. Benthal testified she had not been given instructions on the receipt of service on behalf of Defendant. In fact, she testified she assumed she was not to receive any documents, other than mail, for Defendant. Prior to the receipt of

---

7. During the time relevant to this lawsuit, Defendant also had an office in St. Peters, Missouri.

8. Defendant's telephone line was usually forwarded to his office in St. Peters. Benthal answered that telephone line only on the few occasions when Defendant or his assistant did not answer it at the 3655 Vista office and the call was not forwarded.

service on behalf of Defendant in this case,[9] Benthal had accepted service of process on behalf of Dandamudi on at least one occasion, with his permission.

This evidence clearly establishes that Benthal was an employee of Dandamudi only and performed only very limited tasks for Defendant. Those tasks expressly authorized by Defendant included the receipt of his regular and certified mail, the answering of occasional telephone calls, and speaking with his assistant. None of these tasks encompass the power to receive service of process on behalf of Defendant. Therefore, Benthal did not have express actual authority to accept service of process on Defendant's behalf. Moreover, Benthal did not have implied actual authority to accept service of process on his behalf because the power to accept service of process was not "incidental and necessary to carry out the express authority" Defendant had given her.

 Furthermore, the evidence reveals nothing Defendant did by word or conduct to indicate Benthal had apparent authority to accept service of process on Defendant's behalf.

[A]pparent authority is created by the conduct of the principal which causes a third person reasonably to believe that another has the authority to act for the principal. *A finding of apparent authority requires evidence that a principal has communicated directly with the third party or has knowingly permitted its agent to exercise authority. . . .*

\* \* \*

A principal may create the appearance of authority by making representations to third persons establishing the agent's apparent authority or knowingly permitting the agent to act in a way that created the impression with third persons that the agent had apparent authority.

9. Benthal testified she did not recall receiving the service of summons and petition on behalf of Defendant with respect to this litigation.

10. Plaintiff cited *Kitchens v. Missouri Pacific R.R.*, 737 S.W.2d 219 (Mo.App. W.D.1987) and

*Nichols,* 851 S.W.2d at 661, 664 (citations omitted) (emphasis added).

Here, there is no evidence that Defendant communicated with the sheriff's office, Plaintiff, or Plaintiff's counsel at any time about service of process in this case, much less in any manner revealing that Benthal may have had authority to accept service of process on behalf of Defendant. Nor is there any evidence that, prior to service of process in this case, Benthal had accepted service of process on behalf of Defendant and Defendant knew of or permitted such service. At most, Plaintiff may have seen Benthal working at the office and understood she worked in the suite where Defendant had an office. In and of itself that is insufficient to establish Benthal had apparent authority to accept service of process on behalf of Defendant under the circumstances of this case.

 To the extent Plaintiff relies on case law supporting the principle that service of process may be proper when the summons and petition are delivered to an employee in charge of the employer's office at the time of service,[10] those cases are inapposite because they involve corporate defendants. The provisions for service of process on corporate defendants, unlike the provisions for service of process on individual defendants, expressly permit the "leaving [of] copies [of summons and petition] at any business office of the defendant with the person having charge thereof." *Compare* section 506.150.1(3) RSMo 1994 and Rule 54.13(b)(3), *with* section 506.150.1(1) RSMo 1994 and Rule 54.13(b)(1).

 We are also not persuaded by Plaintiff's argument that the fact Benthal could accept Defendant's certified and regular mail supports a determination she could properly accept service of summons on his behalf. First and foremost, service by mail is not at issue in this case because such service on Defendant was not attempted. To the extent Defendant could have been served pursuant to the provisions of section 506.150.4 RSMo 1994[11] and Rule 54.16 for acknowledgment of

*Kennon v. Citizens Mut. Ins. Co.,* 666 S.W.2d 782 (Mo.App. E.D.1983).

11. Section 506.150.4 RSMo 1994 provides in relevant part:

service by mail (acknowledgment), the delivery by mail of the acknowledgment is not alone enough to support the exercise of personal jurisdiction over the defendant. By the express terms of the service by acknowledgment provisions, defendant must complete and return to the sender the acknowledgment before service in that manner may be effective.

Finally, to the extent Plaintiff relies on Rule 54.20(d) [12] to support her position that Benthal had authority to accept service of process on behalf of Defendant, that reliance is misplaced because this action is not an in rem or quasi in rem action.

Because we find Benthal did not have either actual or apparent authority to accept service of process on behalf of Defendant, we conclude she was not "authorized by appointment ... to receive service of process" on Defendant's behalf. Point denied.

Amended Order and Judgment affirmed.

SIMON, J., and CRANDALL, P.J., concur.

---

Service of the summons and petition upon a defendant of any class referred to in subdivision (1) or (3) of subsection 1 of this section may be made ... by mailing a copy of the summons and petition by first-class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to the form contained in subsection 5 of this section and a return envelope, postage prepaid, addressed to the sender. *If no acknowledgment of service under this subsection is received by the sender within thirty days after the date of mailing, service of the summons and petition shall be made as otherwise provided by this section or supreme court rule.* Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within thirty days after mailing the notice and acknowledgment of receipt of summons.
(Emphasis added.)

12. Rule 54.20(d) states in full: "Service by mail *pursuant to Rule 54.12* shall be proved by the certificate of the clerk that a copy of the summons and petition has been mailed and by the filing of the return registered or certified receipt" (emphasis added).

Rule 54.12 is titled "Service – in Rem or Quasi in Rem Civil Actions," and its paragraph (a) states: "In civil actions affecting a fund, will, trust, estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court, service of process may be made as provided in Rule 54.13 or Rule 54.14, or as otherwise provided in this Rule 54.12." Rule 54.12(b) sets forth provisions for service by mail and Rule 54.12(c) sets forth provisions for service by publication. In part, the service by mail provisions require an affidavit stating "[w]hy personal service cannot be had in this state on the party to be served by mail." Rule 54.12(b)(1).