**CENTURY FINANCIAL SERVICES GROUP, LTD., Respondent,**

v.

**FIRST BANK, Appellant.**

No. 74905.

Missouri Court of Appeals,
Eastern District,
Division One.

June 22, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 1999.

Patrick Joseph Boyle, Sharon R. Wice, St. Louis, for appellant.

Donald A. Horowitz, Vincent D. Vogler, St. Louis, for respondent.

ROBERT E. CRIST, Senior Judge.

First Bank appeals from the judgment reinstating a default judgment entered for Century Financial Services Group, Ltd. (Century). We reverse and remand.

On December 17, 1997, Century brought an action against First Bank for breach of contract and for an accounting. The return of service of summons provides that on December 22, 1997, Deputy Sheriff John Farrell served the petition and summons on First Bank, a corporation, by delivering to "M. McAllister." On February 17, 1998, Century filed a motion for an interlocutory order of default. On March 6, 1998, the trial court conducted a hearing and entered a default judgment, finding First Bank failed to file a responsive pleading or enter an appearance. The court awarded Century $124,887.77.

On April 9, 1998, First Bank filed a motion to set aside the default judgment. First Bank asserted that the trial court did not have personal jurisdiction because the summons was not served in accordance with Rule 54.13. On April 14, 1998, the trial court conducted a hearing and entered judgment sustaining First Bank's motion to set aside the default judgment. The court found that service was improper under Rule 54.13. Three days later, Century filed a motion to reopen the evidence. On April 24, 1998, First Bank filed an answer to Century's petition. On May 12, 1998, the trial court sustained Century's motion to reopen the evidence.

The trial court conducted a hearing on August 24, 1998, and entered judgment. The court set aside the April 14, 1998 judgment, and reinstated the March 6, 1998 default judgment entered against First Bank. The court found that Mary Ellen McAllister, the person served with the summons, had "apparent authority" to accept all legal process. First Bank appeals.

We first address First Bank's argument that service of process was improper and therefore the default judgment was void. This issue presents a question of law that we review independently rather than for an abuse of discretion. *Cook v. Polineni*, 967 S.W.2d 687, 690 (Mo.App. E.D.1998).

■■■ A judgment entered against a defendant by a court lacking personal jurisdiction over the defendant is void. *Id.* Service of process is a prerequisite to the exercise of personal jurisdiction over the defendant. *Id.* Service on a corporation may be effectuated "by delivering a copy of the summons and of the petition to an officer, partner, a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof, or to any other agent authorized by appointment or required by law to receive service of process...." Section 506.150 RSMo 1994; *See* Rule 54.13(b)(3). "The return of service shall be considered prima facie evi-

dence of the facts recited therein." Rule 54.22(a). Clear and convincing evidence corroborating a denial of the party alleged to have been served is necessary to impeach the verity of the return. *Van Vooren v. Schwarz*, 899 S.W.2d 594, 595 (Mo. App. E.D.1995).

■■ The summons shows First Bank as defendant with an address of 11901 Olive Blvd. Deputy Farrell, who served the summons, testified he did not go to this address but rather to First Bank at Olive and Woods Mill Road. He went to the Olive and Woods Mill location because Deputy Sheriff Michael Bunch, who normally served legal papers on First Bank, had left him a note that said all legal papers for First Bank go to Olive and Woods Mill. Deputy Farrell testified that when he went into the bank lobby at Olive and Woods Mill, he identified himself as a deputy sheriff with a summons for First Bank and a "lady at the front office gave me directions to a rear office and then a male ... took me back there. And at the back office I again identified myself as a deputy sheriff. And I was directed to a lady later identified as McAllister who accepted the summons." In her deposition, Mary Ellen McAllister stated that she was employed by First Services, L.P., and worked in the "First Bank building" at Olive and Woods Mill. McAllister further stated that Alice Snider and Jean Pieper also worked for First Services, L.P., and the three accepted garnishments on behalf of First Bank. McAllister also stated that no officer or director of First Bank had authorized her to accept summonses on behalf of First Bank. Deputy Bunch testified that Jean Pieper and Alice Snider told him to deliver all of First Bank's legal papers to the Olive and Woods Mill location, and that for approximately four years he had served all of First Bank's legal papers to Alice Snider, Jean Pieper, and Mary Ellen McAllister at Olive and Woods Mill. Deputy Bunch also testified that when he attempted in the past three or four years to serve a "legal paper" for

First Bank at 11901 Olive, "Some lady, I don't know her name, would come out and tell me to take the paper down to Jean Pieper at Woods Mill and Olive." John Schreiber, President of First Bank, testified that First Services, L.P. was authorized to process garnishments on behalf of First Bank and accept subpoenas served on First Bank, but that McAllister, Pieper, and Snider were not authorized to accept "services or summonses" on behalf of First Bank. Schreiber also stated that summonses were not authorized to be served at the Olive and Woods Mill location because "Summonses typically require somebody in a position of authority or knowledge to act upon them and generally have to deal with attorneys and what have you, and that is not what they're capable or allowed to do out there."

The trial court found that Mary Ellen McAllister of First Services, L.P., had actual authority to accept certain legal process specifically garnishments and subpoenas, and had apparent authority to accept all legal process from the "course of conduct of past acceptance of First Bank's summonses."

 Apparent authority is created by the conduct of the principal that causes a third person reasonably to believe that another has the authority to act for the principal. *Cook*, 967 S.W.2d at 692. A finding of apparent authority requires evidence that the principal has communicated directly with the third party or has knowingly permitted its agent to exercise authority. *Id.* Apparent authority arises from acts of the alleged principal and not from acts of the agent. *Nichols v. Prudential Ins. Co.*, 851 S.W.2d 657, 665 (Mo. App. E.D.1993).

Deputy Bunch testified that Pieper and Snider told him to serve First Bank's legal papers to Olive and Woods Mill. However, Pieper, and Snider did not work for First Bank but rather were employed by First Services, L.P. Accordingly, this is not evidence that the alleged principal, First Bank, communicated directly with Deputy Bunch. Furthermore, evidence that unidentified persons, "some lady" and "a lady at the front office," directed Deputies Bunch and Farrell to the Olive and Woods Mill location and specifically to the office of Pieper, Snider, and McAllister is also insufficient. There is also insufficient evidence that First Bank knowingly permitted Mary Ellen McAllister or any First Service, L.P. employee to exercise authority to accept summonses. The trial court lacked personal jurisdiction over First Bank and therefore the default judgment is void.

The judgment is reversed and the cause remanded for further proceedings.

JAMES A. PUDLOWSKI, P.J. and CLIFFORD H. AHRENS, J., Concur.