

# In the Missouri Court of Appeals
## Eastern District

### WRIT DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL. SEDRICK PHILLIP-SMITH, | ) ) ) | No. ED111912 |
| Relator, | ) ) | Appeal from the Circuit Court of St. Louis City |
| vs | ) ) ) | Cause No. 2022-CC00163 |
| THE HONORABLE MICHAEL F. STELZER, CIRCUIT JUDGE, TWENTY-SECOND JUDICIAL CIRCUIT, CITY OF ST. LOUIS | ) ) ) ) ) | Honorable Michael F. Stelzer |
| Respondent. | ) ) | Filed: September 12, 2023 |

Sedrick Phillip-Smith ("Relator") seeks a writ of prohibition to prevent the circuit court from enforcing its order finding that a sheriff's deputy in Limestone County, Alabama, served Relator with process by leaving a copy of the summons and petition "with HR" at Relator's work place. The unidentified individual from human resources at Relator's place of employment had no actual or apparent authority to accept service on Relator's behalf as required by Rule 54.13(b)(1). Therefore, service of process was facially deficient, and the circuit court did not acquire personal jurisdiction over Relator. The preliminary writ is made permanent.

## Background

Plaintiff filed a civil action against Relator to recover damages for personal injuries allegedly sustained in a car accident in the City of St. Louis. After multiple attempts to serve Relator both in Missouri and Alabama, Plaintiff requested that the Limestone County, Alabama, Sheriff's Office serve Relator. A deputy sheriff prepared and signed a return indicating she had obtained service on Relator. In the return of service, the deputy indicated that the summons had been "[l]eft with HR" at Relator's place of employment.

Relator filed a limited appearance in the circuit court for the purpose of quashing service. Relator argued that leaving the summons with a human resource representative at his place of employment does not satisfy the service requirements of Rules 54.14 and 54.13(b).

In response, Plaintiff asserted that the human resources representative acted as Relator's agent. Plaintiff submitted an affidavit from the deputy in which the deputy stated that she "was advised by a representative in the Human Resources Department . . . that [Relator] was employed at their facility and that they [sic] were authorized to accept personal service of process on [Relator's] behalf." On May 18, 2023, the circuit court found Relator's service was valid and overruled Relator's motion to quash service.

On June 27, 2023, Relator entered another limited appearance to file a motion, asking the circuit court to reconsider quashing service of process. Relator submitted an affidavit from his employer's Executive Advisor for Compliance, Legal & Regulatory Affairs. The affidavit stated that the executive conducted an internal investigation and determined it is not a company policy or practice for anyone within the company to accept service of process on behalf of an employee. He further determined Relator did not provide the human resources department authority to accept personal service on his behalf.

On July 20, 2023, the circuit court overruled Relator's motion to reconsider. The circuit court granted Relator thirty days to answer or take further action on its ruling. Relator filed this writ of prohibition, arguing that the circuit court lacked personal jurisdiction due to deficient service of process because his employer's human resource department was not an authorized agent to accept service on his behalf. This Court issued a preliminary writ of prohibition.

**Standard of Review**

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4.1. Prohibition is an extraordinary remedy this Court issues with "great caution and forbearance and only in cases of extreme necessity." *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 355 (Mo. banc 2021) (quoting *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991)). A writ of prohibition is discretionary. *State ex rel. Henley v. Bickel,* 285 S.W.3d 327, 330 (Mo. banc 2009). A writ of prohibition will lie only when necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party. *State ex el. Becker v. Wood*, 611 S.W.3d 510, 513 (Mo. banc 2020). "Whether the plaintiff made 'a prima facie showing that the trial court may exercise personal jurisdiction is a question of law,' which 'this Court reviews *de novo.*'" *State ex rel. LG Chem, Ltd. v. McLaughlin*, 599 S.W.3d 899, 902 (Mo. banc 2020) (quoting *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010)).

**Analysis**

Service of process is a prerequisite to the exercise of personal jurisdiction over a defendant. *Xtra Lease, LLC v. Pigeon Freight Serv., Inc.*, 662 S.W.3d 309, 315 (Mo. App. 2023). "When the requirements for manner of service are not met, a court lacks power to adjudicate." *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000) (quoting *State ex rel. Plaster v. Pinnell*,

831 S.W.2d 949, 951 (Mo. App. 1992)). Actual notice of a lawsuit is insufficient to confer jurisdiction. *Id.*

"The return of service shall be considered prima facie evidence of the facts recited therein." Rule 54.22(a); *see also Hoffman v. Quality Chrysler Plymouth Sales, Inc.*, 706 S.W.2d 576, 579 (Mo. App. 1986) (discussing effect of legislature's amendment to Rule 54.22, changing longstanding rule that a sheriff's return is presumed conclusive, to the current rule language that a return only constitutes prima facie evidence). Additionally, if service is made by an out-of-state officer, the officer must submit an affidavit stating the time, place, and manner of service as well as that officer's authority to serve process in the other state. Rule 54.20(b)(1). The circuit "court may consider the affidavit or any other evidence in determining whether service has been properly made." *Id*.

Rule 54.14 provides that when personal service is made outside of Missouri, service must be made by an individual authorized to serve process in civil actions within the state where the service is being made, and service must be made as provided in Rule 54.13(b). To properly serve process on an individual, a copy of the summons and petition must be delivered to that person: (1) individually; (2) at the person's usual place of abode with a resident who is at least 18 years old; or (3) to an authorized agent. Rule 54.13(b)(1).

As required by Rule 54.13(b)(1), Relator's employer needed to have actual or apparent authority to act as his agent. "Actual authority is authority that the principal has given, either expressly or impliedly, to the agent, empowering the agent to act on the principal's behalf." *Bach v. Winfield-Foley Fire Prot. Dist.*, 257 S.W.3d 605, 608 (Mo. banc 2008). "Apparent authority exists only to the extent that it is reasonable for a third person dealing with the agent to believe

4

that the agent is authorized." *Dalton & Marberry, P.C. v. NationsBank, N.A.*, 982 S.W.2d 231, 235 (Mo. banc 1998).

The deputy's return of service stated only that the summons and petition were delivered on March 24, 2023, at 10:38 in the morning and "left with HR." The deputy did not name the human resources employee and did not indicate that the human resources employee was authorized to act as Relator's agent. Moreover, although it is natural to assume that the deputy intended that HR be interpreted to mean "human resources," that is not clear from the return. Even taking the facts recited in the return as true, the return does not establish proper service and is deficient on its face.

The affidavit from the deputy that Plaintiff filed in response to the motion to quash service did not cure the deficiency. First, the affidavit is not part of the return of service, and as a result, it is not considered prima facie evidence of the facts recited therein. *See Marti v. Concrete Coring Co. of N. Am.*, 630 S.W.3d 920, 923 (Mo. App. 2021) (holding that in the absence of an amendment to the return of service, additional affidavits from the process server are not accorded the same presumption as the return).

Second, and more significantly, even taking all of the facts recited in the deputy's affidavit as true, the affidavit did not demonstrate proper service of Relator's agent. The affidavit contains no evidence from which a finding of actual authority could be made. It is also insufficient to support a finding of apparent authority. "Apparent authority is created by the conduct of the principal that causes a third person reasonably to believe that another has the authority to act for the principal." *Century Fin. Serv. Grp., Ltd. v. First Bank*, 996 S.W.2d 92, 94 (Mo. App. 1999). "Apparent authority arises from acts of the alleged principal and not from acts of the agent." *Id.*

5

The record does not contain any facts from which this Court can conclude that the unidentified human resources officer had authority to accept service for Relator. Nothing in the deputy's affidavit contains any conduct *of Relator* that gives rise to the reasonable belief that the human resources department could accept service on his behalf. Instead, the affidavit proves only that an unidentified person told the deputy that he or she was authorized to accept service. Rule 54.13 and the law of agency demand more than this. *See Century Fin. Serv. Grp., Ltd.* 996 S.W.2d at 94 (finding no apparent authority to act as an agent when the officer was told by unidentified persons who could accept a summons).

Accordingly, the return of service was deficient on its face, and the circuit court did not acquire personal jurisdiction over Relator. *Marti*, 630 S.W.3d at 922.

## Conclusion

The preliminary writ is made permanent with directions to the circuit court to vacate its order overruling Relator's motion to quash service of process.[1]


John P. Torbitzky, P. J.

Lisa P. Page, J., and
Kelly C. Broniec, C. J., concur.

---

[1] We are not without sympathy for Plaintiff, who has diligently attempted to serve Relator for over three years in two different states without success. This is particularly troubling given that it seems apparent Relator has notice of this lawsuit. We do not condone attempts to stymie the legal process via evasion. The courts, however, have no authority to act if they have not obtained jurisdiction.