Argued June 4, affirmed August 1, 1974

# BAY PLAZA MANAGEMENT COMPANY,
## *Respondent, v.* ESTEP, *Appellant.*
### 525 P2d 56

*Harold W. Adams,* Salem, argued the cause and filed a brief for appellant.

*Paul R. Meyer* of Kobin & Meyer, Portland, argued the cause for respondent. Also on the brief was John Spencer Stewart, Portland.

O'CONNELL, C. J.

Plaintiff Bay Plaza Management Company brought an action in California on November 24, 1972, to recover for unpaid hotel services furnished to defendant by plaintiff in California. Pursuant to California Code

of Civil Procedure, §§ 415.40[1] and 417.20,[2] respondent mailed true copies of the summons and complaint to appellant at his Oregon business address by registered airmail, return receipt requested, on November 29, 1972. The return receipt was signed by Mrs. Esther Wilson, who signed both appellant's name and her own as "addressee's agent." The return receipt is dated December 1, 1972. Defendant did not appear in the California court and Bay Plaza took a default judgment on February 21, 1973. Plaintiff then filed a petition under ORS Chapter 24, Oregon's Registration of Foreign Judgments Act, to render this judgment collectible in Oregon. The circuit court granted the petition and defendant appeals.

Defendant's only contention on appeal is that the service attempted to be made in the original California proceeding was insufficient to give the California court personal jurisdiction over him. First he contends that the service in the manner provided by California Code of Civil Procedure, §§ 415.40 and 417.20 fails to comport with due process, and second, that even if this procedure on its face is adequate, service to be effective must be proved by a return receipt signed by the addressee-defendant himself.

---

[1] "A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by any form of airmail requiring a return receipt. Service of a summons by this form of mail is deemed completed on the 10th day after such mailing."

[2] "Proof that a summons was served on a person outside this state shall be made:

"(a) If served in a manner specified in a statute of this state, as prescribed by Section 417.10, and if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence; * * * * *."

■ Defendant's first contention raises a question of federal constitutional law. If the California procedure satisfies the federal constitution, it is irrelevant that a similar procedure would be insufficient under Oregon law to give an Oregon court personal jurisdiction over a non-resident defendant.[8]

■ The test of adequate notice is stated in *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306, 314, 70 S Ct 652, 657, 94 L Ed 865, 873 (1950):

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action * * *."

■ The procedure prescribed under the California statutes meets this standard. Although Oregon requires personal service to acquire jurisdiction over a non-resident defendant, the constitutional requirement of due process can be met by service through the agency of the post office.[9] The return receipt requirement of the California statute provides a procedure which, if

---

[8] Under ORS 15.110, service by mail on a non-resident defendant is not permitted. However, in the motor vehicle context, service in a manner similar to that provided by these California statutes is authorized. ORS 15.190 (3) provides:

"Service of such summons or process shall be made by leaving two copies of the summons or process with a fee of $2 in the hands of the Administrator of the Motor Vehicles Division or in his office and such service shall be sufficient and valid personal service upon said resident, nonresident or foreign corporation; provided that notice of such service and a copy of the summons or process is forthwith sent by registered or certified mail by plaintiff to defendant, and the defendant's return receipt, or an indorsement by the proper postal authority showing that delivery of said letter was refused and the plaintiff's affidavit of compliance herewith are appended to the process and entered as a part of the return thereof. * * *"

[9] Hess v. Pawloski, 274 US 352, 47 S Ct 632, 71 L Ed 1091 (1927), in which the court sanctioned notification by mail.

properly executed, affords a reasonable assurance that the defendant will receive notice of the pending action.[9]

■ Defendant argues that even with evidence of the signing of the return receipt, the minimum requirement of due process notice is not met in the present case because the return receipt was signed by defendant's secretary, Mrs. Wilson, and not by defendant himself. Where it is shown only that a return receipt was signed by the defendant's agent without any evidence of the agent's authority to sign for his principal, it could be argued that such a procedure does not provide sufficient assurance that the notice will reach the defendant. It is not necessary for us to express an opinion as to the adequacy of notice in such circumstances because in the present case there was abundant evidence to show that Mrs. Wilson was authorized to sign return receipts for registered or certified mail. Although even with such authorization it is possible in some cases that a summons and complaint might not actually come to the defendant's attention, we are of the opinion that it satisfies the minimum requirement of due process as propounded in *Mullane v. Central Hanover Bank & Trust Co., supra.*

Plaintiff also produced evidence that Mrs. Wilson brought the summons and complaint to defendant and that, therefore, he had actual notice. Section 417.20 of the California Code of Civil Procedure provides that if service is by mail, proof of service "shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a return receipt *or other evidence.*" (Emphasis added.) The proof that the summons and complaint was delivered

---

[9] See Stamps v. Superior Court, 14 CA3d 108, 92 Cal Rptr 151 (1971), discussed *infra.*

by Mrs. Wilson to defendant could be regarded as "other evidence" sufficient to meet the requirement of the statute. Whether it would be sufficient under the California statute or under Oregon law we are not required to decide, since we have found the notice requirement met on another ground.[⊛]

Defendant relies upon *Stamps v. Superior Court,* 14 Cal App3d 108, 92 Cal Rptr 151 (1971). In that case, the return receipt was returned bearing the notice "unclaimed." This would, of course, apprise the plaintiff that notice had not been given and is clearly distinguishable from the present case, where it was reasonable for plaintiff to assume that defendant would have notice through his agent who signed for him.

We hold that the service made in the present case was adequate to satisfy the California statutes and the constitutional requirements of due process.

Judgment affirmed.

---

[⊛] "The rule seems to be that, if there is actually some notice to the defendant, it is sufficient on a collateral attack, and the irregularity or defect in the service or lack of compliance with the statute does not render the judgment void, but merely voidable." *Moore Realty Co. v. Carr, 61 Or 34, 39, 120 P 742 (1912).* On the other hand, " 'strict compliance with the statutory requirements is necessary' to withstand a direct attack on the service of summons." State ex rel Handly v. Hieber, 256 Or 93, 94, 471 P2d 790 (1970); State ex rel Carroll v. Redding, 245 Or 81, 418 P2d 846 (1966).