HILL COUNTRY SPRING WATER OF
TEXAS, INC., Appellant,

v.

Deborah E. KRUG, Administratrix of the Estate of Otto A. Delly, Deceased, Successor in Interest of Industrial Washing Systems Manufacturing Company, Appellee.

No. 04–88–00137–CV.

Court of Appeals of Texas,
San Antonio.

May 31, 1989.

Rehearing Denied July 10, 1989.

Richard D. Palacios, Hall, Quintanilla & Palacios, Laredo, for appellant.

Paul J. Tarski, Dulen & Tarski, Uvalde, for appellee.

Before REEVES, CHAPA and PEEPLES, JJ.

## OPINION

CHAPA, Justice.

This is an appeal from a summary judgment granted in favor of appellee, Deborah E. Krug, administratrix of the estate of Otto A. Delly, deceased, successor in interest in Industrial Washing Systems Manufacturing Company (Krug) against appellant Hill Country Spring Water of Texas, Inc. (Hill Country).

Hill Country Spring Water Company, a Texas corporation, ordered an "IWS Bottle Washer" from Industrial Washing Systems, (IWS), an Ohio corporation. When Hill Country failed to remit payment for the equipment, Deborah Krug, administrator of the successor of IWS' estate, filed suit in Lake County, Ohio, seeking payment for the balance due on Hill Country's account. Krug obtained service, via certified mail, on "Hill Country Spring Water Co," the name on the invoice, at its business address in Utopia, Texas. Appellant did not answer and a default judgment was entered against "Hill Country Spring Water Co." in the amount of $7,150.00 plus interest and costs. Approximately one year later, a judgment nunc pro tunc was entered in the Ohio County court action which changed the name of the defendant from "Hill Country Spring Water Co." to "Hill Country Spring Water of Texas, Inc.," appellant's actual business name. Krug then filed a "Notice of Filing a Foreign Judgment and Affidavit of Filing a Foreign Judgment" pursuant to the Uniform Enforcement of Foreign Judgments Act, TEX.CIV.PRAC. & REM.CODE § 35.001 *et seq.* (UEFJA) in cause number 15,795 in the 38th judicial district of Uvalde County, Texas, naming appellant as the judgment debtor. Appellant obtained a temporary restraining order prohibiting collection attempts and on July 23, 1987, filed a petition to set aside the foreign judgment and an application to stay the judgment. The parties filed opposing motions for summary judgment and the trial court granted final judgment in favor of appellee. This appeal ensued.

Appellant assigns five points of error. First, he attacks the constitutionality of the Uniform Enforcement of Foreign Judgments Act (UEFJA), TEX.CIV.PRAC. & REM.CODE § 35.001 *et seq.* because of its failure to afford a judgment debtor an express remedy to contest the enforcement of

a foreign judgment. His next three points deal with the Ohio judgment's entitlement to full faith and credit in this state. Finally, appellant contends that the entry of the judgment nunc pro tunc was erroneous and contrary to law.

Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 562 (1962) TEX. R.CIV.P. 166A(c). In making this determination, the evidence must be viewed in the light most favorable to the party opposing the motion. *McFadden v. American United Life Ins. Co.,* 658 S.W.2d 147, 148 (Tex. 1983).

Our initial inquiry, therefore, must be whether appellant has at least raised an issue of material fact concerning the Ohio judgment's validity.

We will first discuss appellant's challenge to the Ohio court's in personam jurisdiction and the judgment's entitlement to full faith and credit.

█ A defendant may challenge the jurisdiction of the sister state in two ways:

1) By demonstrating that service of process was inadequate under the service of process rules of the sister state, and

2) By asserting that the sister state's exercise of in personam jurisdiction does not meet the requirements of due process of law. *First National Bank of Libby, Montana v. Rector,* 710 S.W.2d 100, 104 (Tex.App.—Austin 1986, writ ref'd n.r.e.).

█ "It is fundamental that a state must give the final judgment of a sister state the same force and effect the judgment would be entitled to in the state in which it was rendered. U.S. Const. Art. IV, § 1. Texas courts may nonetheless examine the facts in each case to determine whether the court of a sister state did in fact have jurisdiction for which full faith and credit is sought." *Id.* at 103. That a foreign judgment was taken by default does not defeat its presumption of validity. *Id.* When appellant produced an authenticated copy of the judgment, it established a prima facie case in favor of the judgment's enforce-ment. *Medical Administrator v. Koger Properties,* 668 S.W.2d 719 (Tex.App.—Houston [1st Dist.] 1983, no writ).

█ At the outset it should be noted that the validity of the Ohio judgment is controlled by the law of Ohio, but must also satisfy the due process clause. *O'Brien v. Lanpar Co.,* 399 S.W.2d 340, 341 (Tex. 1966). We must therefore look to the Ohio Rules of Court for guidance. The relevant rules provide:

RULE 4.3 PROCESS: OUT OF STATE SERVICE

(A) *When Service Permitted.* Service of process may be made outside of this state, as provided herein, in any action in this state, upon a person who at the time of service of process is a non-resident of this state or is a resident of this state who is absent from this state. The term "person" includes an individual, his executor, administrator, or other personal representative, or a corporation, association, or any other legal or commercial entity, who, acting directly, or by an agent, has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

(1) transacting any business in this state;

(2) contracting to supply services or goods in this state;

\*    \*    \*    \*    \*    \*

RULE 4.2 PROCESS: WHO MAY BE SERVED

Service of process, except service by publication as provided in Rule 4.4(a) pursuant to rule 4 through Rule 4.6 shall be made as follows:

(6) upon a corporation either domestic or foreign by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation; ...

The summary judgment evidence produced by appellee includes a copy of a "green

card" which evidences that Hill Country Spring Water Company was served, certified mail, at its business address in Utopia, Texas. It includes the signature of Stacey Blalock, who signed as Hill Country's "agent." By serving Hill Country at its usual place of business, Krug satisfied the requirements of the Ohio service of process rule.

■ Appellant next asserts that the judgment is not entitled to full faith and credit because there is no evidence in the record to support a finding that appellant had sufficient minimum contacts with Ohio to justify the Ohio court's jurisdiction over appellant. Appellant asserts that this assumption of jurisdiction, therefore, offends "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Due process guarantees that an individual will be protected from binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. *Burger King Corporation v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In a suit in which it is alleged that the particular cause of action arose out of or was related to the defendant's contacts with the forum, a defendant must have "fair warning that a particular activity may subject [him] to the jurisdiction of a foreign sovereign." *Id.,* 105 S.Ct. at 2182–2183. *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977). This requirement is two-fold. First, the defendant's activities must have been "purposefully directed" to the forum, and second, the litigation must result from alleged injuries that "arise out of or relate to those activities." *Burger King, supra,* 471 U.S. at 473, 105 S.Ct. at 2182; *Zac Smith & Co., Inc. v. Otis Elevator Co.,* 734 S.W.2d 662, 663 (Tex.1987). Further, jurisdiction may not be avoided merely because the defendant did not physically enter the forum state:

> "Although territorial presence frequently will enhance a potential defendant's affiliation with a state and re-enforce the reasonable foreseeability of a suit there,

> *it is an inescapable fact of modern commercial life that a substantial amount of businesses transacted solely by mail and wire communications across state lines,* thus obviating the need for physical presence within a state in which the business is conducted." (emphasis added).

*Id.* 471 U.S. at 476, 105 S.Ct. at 2184.

The summary judgment evidence produced by appellee includes an invoice and bill of lading which reflects that Hill Country Spring Water Co., P.O. Box 429, Utopia, Texas, purchased an "IWS Bottle Washer" from Industrial Washing Systems Company in Ohio and that payments were to be sent from appellant's place of business in this state to appellee's place of business in Ohio. We find that there are sufficient minimum contacts between Hill Country, Ohio and the litigation which operate to satisfy the requirements of due process and entitle the Ohio judgment to full faith and credit in Texas. The recognition of the judgment does not offend traditional notions of fair play and substantial justice. *See First National Bank of Libby, Montana v. Rector, supra,* at 106.

Appellant next assails the validity of the judgment nunc pro tunc entered by the Ohio court. Appellant's actual business name is "Hill Country Spring Water of Texas, Inc.", but the judgment of the county court in Ohio was entered against "Hill Country Spring Water Co." Appellant alleges that the judgment was entered against a corporation which did not exist.

■ The invoice and bill of lading introduced as summary judgment evidence reflect that Industrial Washing Systems did business with Hill Country Spring Water of Texas, Inc. under a similar but wrong name. However, the business address of both Hill Country Spring Water of Texas, Inc., and Hill Country Spring Water Co., are the same. When the correct defendant is sued under an incorrect name, jurisdiction is proper after service on the defendant under the misnomer if it is clear that no one was misled. *Matthews Trucking v. Smith,* 682 S.W.2d 237 (Tex.1984); *Orange Grove Independent School District v. Riv-*

*era,* 679 S.W.2d 482, 483 (Tex.1984); *Baker v. Charles,* 746 S.W.2d 854, 855 (Tex.App. —Corpus Christi 1988, no writ). "A misnomer of a defendant does not render a judgment based on personal service, even when by default, void, provided the intention to sue the defendant actually served with citation is so evident from the pleadings and process that the defendant could not have been misled." *Cockrell v. Estavez,* 737 S.W.2d 138, 140 (Tex.App.—San Antonio 1987, no writ). Appellant does not contend he was misled, and the record clearly indicates appellant was the only target of this suit.

■ Finally, appellant contends that TEX.CIV.PRAC. & REM.CODE § 35.001 *et seq.* is unconstitutional because the statute, on its face, does not provide a method or mechanism to assert defenses against the foreign judgment. In support of this argument, appellant relies on *Schwartz v. FMI Properties, Inc.,* 714 S.W.2d 97 (Tex.App. —Houston [14th Dist.] 1986, writ ref'd n.r. e.), which recently expressed concern that the statute did not set forth an express procedure by which a debtor might challenge the enforcement of a foreign judgment:

> "Due process mandates that the debtor be given an opportunity to rebut the presumption that a foreign judgment is entitled to full faith and credit. [section 35.001 *et. seq.*] Failure to provide the debtor with a means for challenging the presumption that a properly authenticated foreign judgment is entitled to full faith and credit raises a question about the constitutionality of the statute. We hope the legislature will consider amending the statute to spell out a procedure by which the debtor may exercise his constitutional rights to challenge the validity of a foreign judgment's entitlement to full faith and credit."

*Id.* However, the court nevertheless held that the debtors right to present defenses to the enforcement of a foreign judgment is implied by the wording of the statute in two ways:

1. Section 35.003 provides that a filed foreign judgment is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying and forcing or satisfying as a judgment of the court in which it is rendered.

2. Section 35.006 allows the debtor to obtain a stay of foreign judgment by showing that an appeal is pending or will be taken, or that a stay of execution has been granted.

*See Id.*

Therefore *Schwartz v. FMI Properties, Inc., supra,* is not authority which declares the statute unconstitutional, and, to incorporate any procedures into the act so as to expand a debtors remedy, would constitute impermissible judicial legislating. *See Plastics Engineering Inc. v. Diamond Plastics Corporation,* 764 S.W.2d 924 (Tex.App.—Amarillo 1989, n.w.h.) *Detamore v. Sullivan,* 731 S.W.2d 122, 124 (Tex.App.—Houston [14th Dist.] 1988, n.w. h.). Further, appellant has not shown and we cannot conclude that appellant was harmed by the alleged procedural deficiencies of the statute. This is significant given that it is well recognized that a court should not pass upon the validity of a statute upon complaint of one who fails to show that he is injured by its operation. *Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936).

Prior to this appeal, appellant has defended against the enforcement of the Ohio judgment in three ways:

1) it obtained a temporary restraining order prohibiting further collection attempts by appellee,

2) it filed a petition to set aside the judgment and an application to stay the judgment; and

3) it filed a motion for summary judgment.

Therefore, it cannot be convincingly asserted that appellant had no mechanism to defend against the judgment. Thus, it is unnecessary here to pass on the statute's validity. The complaint is rejected.

The judgment is affirmed.