IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 16, 2008 Session

**BILLIE GAIL HALL, as Surviving Spouse of BILLY R. HALL**
**v.**
**DOUGLAS B. HAYNES, JR., M.D. and MEDSOUTH HEALTHCARE, P.C.**

**Appeal from the Circuit Court for Dyer County**
**No. 05-96     R. Lee Moore, Jr., Judge**

———————————

**No. W2007-02611-COA-R9-CV - Filed March 26, 2009**

———————————

This appeal involves authority to accept service of process. The plaintiffs filed a medical malpractice lawsuit against the defendant corporation and its employee, the defendant physician. The plaintiffs attempted to serve process in person on both the corporation and the physician at the corporation's business address. Service was accepted on behalf of the physician by a co-worker, who was not specifically authorized to accept service for him. Service was accepted on behalf of the corporation by an employee of the corporation who was not an officer, managing agent, or chief agent, and who was not specifically authorized to accept service for the corporation. Both defendants received a copy of the summons and complaint. The plaintiffs then filed an amended complaint and attempted to serve both defendants via certified mail. The return receipts for both defendants were signed by an employee of the corporation who was not an officer, managing agent, or chief agent of the corporation, and was not specifically authorized to accept service of process on behalf of either the physician or the corporation. The employee who signed the return receipts was, however, authorized to sign for certified mail. The defendants filed a motion for summary judgment based in part on insufficiency of service of process. The trial court denied the motion for summary judgment, relying on this Court's decision in ***Boles v. Tennessee Farmers Mutual Insurance Co.***, No. M1999-00727-COA-R3-CV, 2000 WL 1030837 (Tenn. Ct. App. July 27, 2000). The defendants were granted permission for interlocutory appeal. On appeal, the defendant physician argues that service on him was not effective because he was not personally served and because the persons who accepted service on his behalf were not authorized to do so. The defendant corporation argues that service on it was not effective because neither the corporation's registered agent nor its administrator were served and the persons who accepted service on the corporation's behalf were not authorized to do so. After reconsidering the analysis in ***Boles***, we reverse the trial court's decision, finding that service was not effective on either defendant and the trial court erred in denying the defendants' motion for summary judgment.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court is
Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and
DAVID R. FARMER, J., joined.

Marty R. Phillips and Ashley D. Cleek, Jackson, Tennessee, for the Defendants/Appellants Douglas
B. Haynes, Jr., M.D., and MedSouth Healthcare, P.C.

Charles M. Agee, Jr., Dyersburg, Tennessee, for the Plaintiff/Appellee Billie Gail Hall, as Surviving
Spouse of Billy R. Hall

## OPINION

### FACTS AND PROCEDURAL HISTORY

On August 5, 2005, Plaintiffs/Appellees Billy R. Hall and Billie Gail Hall ("Plaintiffs") filed
their original medical malpractice complaint against Defendants/Appellants Douglas B. Haynes, Jr.,
M.D. ("Dr. Haynes") and MedSouth Healthcare, P.C. ("MedSouth") (collectively "Defendants").
On the same day, the Plaintiffs had summonses issued on Dr. Haynes in his name and on MedSouth
in the name of MedSouth's registered agent for service of process, Stevens Melton, M.D. ("Dr.
Melton"). On August 9, 2005, MedSouth's employee, Brenda Enochs ("Ms. Enochs"), a customer
service representative, accepted service of process on behalf of her co-worker, Defendant Dr.
Haynes. The complaint was placed in Dr. Haynes' mailbox and he received it. On the same day,
another MedSouth customer service representative, Michelle Pruitt ("Ms. Pruitt"), accepted service
of process on behalf of MedSouth. The complaint was placed in the mailbox of Dr. Melton, and he
received it.

On August 25, 2005, the Plaintiffs filed an amended complaint. Upon doing so, they had a
second summons issued for each Defendant. The next day, the Plaintiffs attempted to serve Dr.
Haynes and MedSouth with the amended complaint via certified mail. Another MedSouth
employee, Debbie Funderburk ("Ms. Funderburk") who worked in the administrative department,
signed the return receipt for service on both Defendants.

In their answer, the Defendants asserted insufficiency of service of process as an affirmative
defense. The Defendants contended that service was not effective on Dr. Haynes because he was
not personally served with the summons, complaint, or amended complaint. The Defendants
contended that service on MedSouth was not effective because MedSouth's agent for service of
process was not personally served. The Defendants also asserted as an affirmative defense the one
year statute of limitations codified at Tennessee Code Annotated § 29-26-116(a)(1), claiming that,
because the Defendants were never properly served, the Plaintiffs could not rely on the date the
complaint was filed to toll the statute of limitations.

On March 15, 2007, the Defendants filed a motion for summary judgment based on insufficiency of service of process and the statute of limitations. On June 22, 2007, the Plaintiff[1] filed her response.

Discovery was conducted on the issue of the authority of MedSouth employees Ms. Enochs, Ms. Pruitt, and Ms. Funderburk to accept service of process on behalf of the Defendants. Customer service representative Enochs testified in her deposition that, in August 2005, she was not authorized to accept service of process on behalf of Dr. Haynes. Customer service representative Pruitt testified in her deposition that, in August 2005, she was not an officer or managing agent of MedSouth and was not authorized to accept service of process on its behalf. Administrative employee Funderburk testified that, in August 2005, she was not authorized to accept service of process on behalf of Dr. Haynes, that she was not an officer or managing agent of MedSouth, and that she was not authorized to accept service of process on behalf of MedSouth. MedSouth's administrator, David Alred ("Mr. Alred"), testified that Ms. Funderburk was authorized to sign for certified mail. It is undisputed that both Dr. Haynes and MedSouth's registered agent, Dr. Melton, received a copy of the original summons and complaint.

Considering the results of this discovery, and relying on this Court's opinion in *Boles v. Tennessee Farmers Mutual Insurance Co.*, No. M1999-00727-COA-R3-CV, 2000 WL 1030837 (Tenn. Ct. App. July 27, 2000), the trial court denied the Defendants' motion for summary judgment in an order entered August 1, 2007. In its Memorandum Opinion, the trial court found that the summons and a copy of the original complaint were "left at the front desk where employees of MedSouth who regularly handled requests for medical records were available and accepted the summons and complaint." It noted that both Defendants in fact received the summons and original complaint. The trial court rejected the "narrow and technical definitions" urged by the Defendants, finding that they were "inconsistent with the apparent purpose of [Tennessee Rule of Civil Procedure] 4.04, to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings," quoting *Garland v. Seaboard Coastline Railroad Co.*, 658 S.W.2d 528, 530 (Tenn. 1983). Based on this, the trial court held that Ms. Enochs and Ms. Pruitt "were authorized to receive service of process on the defendants['] behalf." As to the service of the amended complaint by certified mail, the trial court found that "Ms. Funderburk or anyone who might be handy at the time were authorized to sign for and receive defendants' certified mail. Consequently, pursuant to the *Boles* case, Ms. Funderburk was authorized to accept service of process on behalf of the defendants." On August 24, 2007, the Defendants filed a motion for permission to file an interlocutory appeal, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. Permission was granted by the trial court and by this Court.

---

[1] It appears from the record that Mr. Hall died during the course of this litigation and that, as a result, the style of the case changed.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

Although this is a complex medical malpractice case, the issues on appeal involve only the sufficiency of the service of process under Rule 4.04 of the Tennessee Rules of Civil Procedure, governing service of process. The Defendants ask us to consider (1) whether an individual defendant may be served with process by delivering copies of the summons and complaint to a co-worker who is not specifically authorized to accept service on the individual's behalf; (2) whether a corporate defendant may be served with process by delivering copies of the summons and complaint to an employee who is not an officer, managing agent, chief agent, or registered agent of the corporation, and who is not specifically authorized to accept service on the corporation's behalf; and (3) whether service on either may be accomplished via certified mail if the return receipt is signed by an employee who is authorized to accept certified mail but not specifically authorized to accept service of process.

We review the trial court's denial of summary judgment *de novo*, with no presumption of correctness. *Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 342 (Tenn. 2002) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party," giving the nonmoving party the benefit of all reasonable inferences. *Id.* (citation omitted).

## ANALYSIS

Service of process on defendants located in Tennessee is governed by Rule 4.04 of the Tennessee Rules of Civil Procedure. We discuss, in turn, (1) as to Dr. Haynes, the in-person acceptance of process by his co-worker Ms. Enochs; (2) as to MedSouth, the in-person acceptance of process by Ms. Pruitt; and (3) as to both Dr. Haynes and MedSouth, the acceptance of service of process by certified mail by Ms. Funderburk.

### In-Person Service on Dr. Haynes

Rule 4.04(1) governs service on an individual such as Dr. Haynes. It provides that service shall be made as follows:

> Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, *or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.*

Tenn. R. Civ. P. 4.04(1) (emphasis added). In this case, it is undisputed that Dr. Haynes was not personally served and there is no allegation that he sought to evade service. Therefore, the issue is

-4-

whether Ms. Enochs was an "agent authorized by appointment . . . to receive service on [Dr. Haynes'] behalf."[2]

On this issue, the Plaintiffs argue only that the "procedure implemented by Dr. Haynes . . . in allowing someone at the clinic to receive legal papers up front and then place those papers in the mailbox of the appropriate doctor . . . compl[ies] with the requirements of [Tennessee Rule of Civil Procedure] 4.04(1)." They assert that the fact that Dr. Haynes actually received notice of the lawsuit "is proof that the process was adequate." They cite *Garland*, which dealt with service of process on an organization rather than an individual, and *Boles*, which involved service of process by certified mail. Both of these cases are discussed below. Neither indicates that Ms. Enochs was "authorized by appointment" to accept, in-person, service of process on behalf of Dr. Haynes under Rule 4.04(1). The fact that Dr. Haynes actually received notice of the lawsuit from the acceptance by Ms. Enochs does not, of course, indicate that service by this method complied with Rule 4.04(1); a defendant's actual knowledge of a lawsuit is no substitute for lawful personal service of process. *See Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 715 (Tenn. 2002).

Indeed, cases from other states with rules on service of process on individuals similar to Rule 4.04(1) have concluded that service of process by in-person delivery to a person not expressly or impliedly authorized to accept service of process is inadequate. *See also* 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1097 (2008) (construing Federal Rule 4(e), the federal counterpart to Tennessee Rule 4.04(1), and stating that express or implied actual authority is required). For example, in *Cook v. Polineni*, 967 S.W.2d 687 (Mo. Ct. App. 1998), the plaintiff attempted to serve process on the defendant physician at the office suite that he shared with two other physicians. *Id.* at 691. The deputy sheriff served process by delivering a copy of the lawsuit to an employee of one of the other physicians, not an employee of the defendant physician. *Id.* at 689. The defendant physician had authorized the employee to perform activities for him such as "the receipt of his regular and certified mail, the answering of occasional telephone calls, and speaking with his assistant." *Id.* at 692. Neither the defendant physician nor the defendant physician's assistant had authorized the employee to accept service of process on the defendant's behalf. *Id.* at 691.

The relevant Missouri rule, similar to Tennessee Rule of Civil Procedure 4.04(1), provided that service could be effectuated "by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process." *Id.* at 690 (quoting Mo. R. Civ. P. 54.13(b)(1)). In order to be considered "authorized" to accept service of process on behalf of the defendant physician, the *Cook* court found, the employee would have to have either express or implied actual authority to accept service or apparent authority to do so.[3] *Id.* at 691. The

_____

[2]Authorization by law is not at issue in this case. Authorization by law "refers to an agent authorized by legislative enactment to receive process, rather than one authorized by common law, or estoppel, or the general doctrines of agency." 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1098 (2008).

[3]The *Cook* court found that the employee who accepted service on behalf of the physician did not have apparent authority to do so. Apparent authority has not been raised as an issue in this appeal and we express no opinion
(continued...)

-5-

Missouri Court of Appeals found that none of the tasks that the person who accepted service was authorized to perform for the defendant physician "encompass the power to receive service of process on behalf of [the defendant]." *Id.* at 692. Moreover, it found that the employee did not have implied actual authority to accept service on the defendant's behalf because the power to accept service of process was not "incidental and necessary to carry out the express authority" the defendant had given the employee. *Id.* It therefore found that the attempted service of process was ineffectual. *Id.* at 693.

Similarly, in ***Morfessis v. Marvins Credit, Inc.***, 77 A.2d 178 (D.C. 1950), the Municipal Court of Appeals for the District of Colombia addressed whether service of process on the individual defendant was effectuated by delivery of a copy of the lawsuit to the defendant's secretary. *Id.* at 180. The secretary was the individual defendant's only office employee, and her job included accepting all of the defendant's "business papers and mail." *Id.* at 179. The defendant had not authorized the secretary to accept service of process on his behalf. *Id.*

Like Tennessee Rule of Civil Procedure 4.04(1), the District of Colombia rule provided that service could be made by delivering a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." *Id.* The D.C. court noted that there was no claim that the secretary was authorized by law to accept service on the defendant's behalf, so the question before the court was whether the secretary was authorized by appointment. *Id.* It observed that this portion of the rule contemplates an actual appointment. *Id.* at 179–80 (citing 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 4:12 (2d ed.). The court determined that the secretary's "authority to receive 'business papers and mail' cannot be construed to include authority to receive service of process." *Id.* at 180. It commented: "If it were otherwise, then almost anyone who employs a secretary whose duties include receiving mail and business communications would find himself having unknowingly and unintentionally appointed an agent with authority to receive service of process. Such a result in our opinion was not intended by the rule." *Id.* The ***Morfessis*** court therefore concluded that service on the secretary was not effective. *Id.*

In this case, it is undisputed that Ms. Enochs did not have express actual authority to accept service of process on behalf of Dr. Haynes. In the affidavit submitted with his motion for summary judgment, Dr. Haynes testified that Ms. Enochs was not authorized to accept service of process on his behalf, and in her deposition testimony, Ms. Enochs agreed. Moreover, nothing in the record indicates that acceptance of service of process on behalf of Dr. Haynes was incidental and necessary to Ms. Enoch's job duties as a customer service representative for MedSouth, which included checking in patients, assisting patients with billing issues, and handling requests for medical records. Therefore, Ms. Enochs did not have implied actual authority to accept service of process on behalf of Dr. Haynes. Under all of these circumstances, we must conclude that the Plaintiffs' service of process on Dr. Haynes by delivering a copy of the lawsuit to Ms. Enochs did not comply with Rule 4.04(1).

**In-Person Service on MedSouth**

[3](...continued)
on it.

Rule 4.04(4) addresses the manner in which a corporation is to be served. It provides that service shall be made as follows:

> Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4). Here, neither MedSouth's registered agent, Dr. Melton, nor MedSouth's administrator, Mr. Alred, were served with process for MedSouth. Instead, in-person service of process on MedSouth was accepted by a MedSouth customer service representative, Ms. Pruitt.

As with Rule 4.04(1), service may be made under Rule 4.04(4) by delivering a copy of the summons and the complaint to an "agent authorized by appointment or by law to receive service" on the corporation's behalf. Tenn. R. Civ. P. 4.04(4). Again, authorization by appointment is the issue. The language in Rule 4.04(4) is identical to that in Rule 4.04(1), and like the provision in 4.04(1), Rule 4.04(4) contemplates an actual appointment, either express or implied, by the defendant corporation. *See* 4A WRIGHT & MILLER, *supra* § 1101 (construing Federal Rule 4(h), the federal counterpart to Tennessee Rule 4.04(4)).

It is undisputed that Ms. Enochs did not have express actual authority to accept service of process on behalf of MedSouth. In the affidavit submitted with its motion for summary judgment, MedSouth's administrator Mr. Alred testified that Ms. Pruitt was not authorized to accept service of process on behalf of MedSouth, and in her deposition testimony, Ms. Pruitt agreed. Also, nothing in the record indicates that acceptance of service of process on behalf of MedSouth was incidental and necessary to Ms. Pruitt's job duties as a customer service representative for MedSouth. Like Ms. Enochs, Ms. Pruitt's job duties included such things as checking in patients and handling requests for medical records. Therefore, Ms. Pruitt did not have implied actual authority to accept service of process on MedSouth's behalf. Under all of these circumstances, we must conclude that the Plaintiffs' service of process on MedSouth by delivering a copy of the lawsuit to Ms. Pruitt did not comply with the provision in Rule 4.04(4) allowing service on a person "authorized by appointment."

We now address whether delivering the lawsuit to Ms. Pruitt satisfied the provision in Rule 4.04(4) allowing for service upon "an officer or managing agent [of the corporation], or . . . the chief agent in the county wherein the action is brought." Tenn. R. Civ. P. 4.04(4).

In *Garland*, the Tennessee Supreme Court considered the requirements of Rule 4.04(3), which is similar to Rule 4.04(4). Rule 4.04(3) provides in pertinent part that service of process can be made on partnerships and unincorporated associations "by delivering a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." Tenn. R. Civ. P. 4.04(3).

The defendant in *Garland* was an unincorporated association, comprised of two foreign corporations. *Garland*, 658 S.W.2d at 529. After the plaintiff filed his lawsuit against the defendant, he delivered, in person, a copy of the lawsuit to a freight agent employed by the defendant. *Id.* The defendant argued that service was not effective because the freight agent was not "an officer, executive or managing agent of [the defendant], nor is he an agent for service of process by appointment of [the defendant]." *Id.* at 529–30. The Court rejected this argument, noting that the "narrow and technical definitions urged by defendant are inconsistent with the apparent purpose of [Tennessee Rule of Civil Procedure] 4.04, to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings." *Id.* at 530 (citing *Ins. Co. of N. Am. v. S/S "Hellenic Challenger"*, 88 F.R.D. 545, 547 (S.D.N.Y. 1980)).

In determining whether the defendant was properly served under Rule 4.04(3), the *Garland* court adopted the approach utilized by the federal courts in construing what was then Federal Rule of Civil Procedure 4(d)(3)[4], the federal counterpart of Tennessee Rules 4.04(3) and (4). *Id.* at 530–31. The federal rule "does not require that service be made solely upon a restricted class of formally titled officials, but rather permits it to be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.' " *Id.* at 531. (quoting *Ins. Co. of N. Am.*, 88 F.R.D. at 547; *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977); *Montclair Elecs., Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y. 1971)).

In *Garland*, the record showed that the freight agent served by the plaintiff was the "chief agent" in charge of the defendant's activities in Washington County. *Id.* The Court determined that acceptance of service by the freight agent was effective service on the defendant because "[a]s the highest ranking agent for [the] defendant in Washington County, [the freight agent] stood in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service of process on behalf of the unincorporated association pursuant to [Tennessee Rule of Civil Procedure] 4.04(3)." *Id.*

---

[4]At that time, Federal Rule 4(d)(3) provided that service shall be made as follows:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Civ. P. 4(d)(3) (1983); *see Garland*, 658 S.W.2d at 530–31. This rule is currently codified as Federal Rule 4(h), and although it has been amended since the *Garland* case was decided, the relevant provisions remain substantially the same.

In the case at bar, as in ***Garland***, it is undisputed that Ms. Pruitt is not "an officer," "managing agent," or "the chief agent" in Dyer County for MedSouth. However, in contrast to ***Garland***, Ms. Pruitt is not the highest ranking agent for MedSouth in Dyer County. We look further, then, to determine whether Ms. Pruitt's position as a customer service representative placed her "in such a position as to render it fair, reasonable and just to imply the authority on [her] part to receive service" of process on behalf of MedSouth.

We note that, on occasion, in other jurisdictions, an employee such as a secretary or a receptionist has been found to be in "such a position as to render it fair, reasonable and just" to imply that the employee had authority to accept service of process on behalf of the corporation. ***See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.***, 840 F.2d 685, 688–89 (9th Cir. 1988) (noting that the company was small, making the role of a receptionist "commensurately large in the structure of the company," particularly where she was the only employee in the office when the process server arrived); ***Top Form***, 428 F. Supp. at 1251 (service accepted by a secretary who "was in practical effect, if not formal title, an assistant manager" of the defendant company).[5]

With the ***Garland*** standard in mind, we again examine Ms. Pruitt's job duties as a customer service representative for MedSouth. As noted above, Ms. Pruitt's job duties included tasks such as checking in patients and handling requests for medical records. In her deposition, Ms. Pruitt testified that, with the exception of this case, the only things that she signed for in the course of her job were requests for medical records. She testified that she did not even sign for mail. Ms. Pruitt was one of several customer service representatives, not in a position of authority at MedSouth. Under all of these circumstances, we cannot conclude that Ms. Pruitt was in a position that rendered it "fair, reasonable and just to imply the authority on [her] part to receive service" of process on behalf of MedSouth, under Rule 4.04(4).

### Service by Certified Mail on Both Defendants

We have determined, then, that (1) under Rule 4.04(1), in-person delivery of a copy of the summons and complaint to Ms. Enochs was not effective service of process on Dr. Haynes, and (2) under Rule 4.04(4), in-person delivery of a copy of the summons and complaint to Ms. Pruitt was not effective service of process on MedSouth. We now consider the Plaintiffs' attempt to serve process on both Defendants by certified mail.

Rule 4.04(10) allows for service by certified mail on either an individual or a corporation. Service by certified mail must be made as follows:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send,

---

[5]Our citation of these cases indicates neither approval nor disapproval.

postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. If the defendant to be served is an individual or entity covered by subparagraph (2), (3), (4), (5), (6), (7), (8), or (9) of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.04(10).

In this case, the certified mail copies of the summons and complaint were addressed to Dr. Haynes and to Dr. Melton at MedSouth. When delivered to MedSouth by the postal employee, the return receipts for both Defendants were signed by Ms. Funderburk, who held a clerical position in MedSouth's administrative department. Citing **Boles**, the trial court found that, because Ms. Funderburk was authorized to accept certified mail for both Dr. Haynes and MedSouth, she was also authorized to accept service of process on behalf of both Defendants. Therefore, to determine whether the service by certified mail was effective as to the Defendants, we examine our earlier decision in **Boles**.

In **Boles**, the plaintiffs were homeowners whose home was destroyed by fire. **Boles**, 2000 WL 1030837, at *1. They sued Tennessee Farmers Mutual Insurance Company and one of its claims investigators, Lee Brooks, for claims relating to Tennessee Farmers' failure to pay the fire loss claim. **Id.** The plaintiffs attempted to serve both defendants by certified mail under Rule 4.04(10). **Id.** The plaintiffs addressed Tennessee Farmers' summons and complaint to Tennessee Farmers' district claims manager in Coffee County, Jack Shofner, at Tennessee Farmers' Manchester office in Coffee County. **Id.** Defendant Brooks' copies were addressed to him at the same address. **Id.** When the certified mail was delivered to the Manchester office, a Tennessee Farmers employee named Barbara Prater signed the return receipts for the certified mail deliveries to both defendants in the space marked "Addressee or Agent." **Id.**

The defendants then filed a motion to dismiss for insufficiency of service of process. **Id.** In support of the motion, the defendants filed the affidavits of Vernon Murray, a vice president for Tennessee Farmers, and Lee Brooks. **Id.** Murray's affidavit stated that Prater was a secretary employed by Tennessee Farmers, that she was not an officer, managing agent, or chief agent, and that she was not authorized to accept service of process on behalf of Tennessee Farmers. **Id.** Brooks' affidavit stated that Prater was a direct service representative, that she was not authorized to accept service of process on his behalf, and that he had never authorized anyone to accept service of process on his behalf. **Id.**

In response, the plaintiffs filed Prater's deposition. **Id.** at *2. Prater testified that she was a direct service representative for Tennessee Farmers in its Manchester office, and that she had signed for certified mail in the past. **Id.** She said that any of the clerical staff or other direct service

representatives could sign for certified mail, and that certified mail was usually signed for by any person who was "handy." *Id.* Prater testified that she worked primarily for four employees of Tennessee Farmers, two of whom were Shofner and Brooks, and that her duties included handling mail for both men. *Id.*

After an initial denial, Shofner eventually admitted that, as a district claims manager, he had responsibility for an eight county area that included Coffee County, and that he was Tennessee Farmers' highest ranking official in Coffee County. *Id.* Shofner admitted that Prater was authorized to sign for certified mail addressed to him and other Tennessee Farmers employees. *Id.* Brooks denied that Prater was authorized to sign for certified mail addressed to him. *Id.* The trial court found that service of process was not effective and granted the defendants' motion to dismiss. The plaintiffs appealed.

On appeal, this Court relied on the Tennessee Supreme Court's decision in *Garland* to determine that Shofner was a proper agent for service of process on Tennessee Farmers. As the highest ranking employee of Tennessee Farmers in Coffee County, Shofner "stood in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service of process on behalf of" Tennessee Farmers. *Id.* at \*4 (quoting *Garland*, 658 S.W.2d at 531).

As to Prater's acceptance of service of process by certified mail for both defendants, the *Boles* court agreed with the plaintiffs' contention that, "despite the affidavits of Brooks and Murray indicating that Barbara Prater was not authorized to receive service of process on the Defendants' behalf, the record contains evidence that Prater was authorized to sign for and receive certified mail addressed to Tennessee Farmers and its employees in the Manchester office." *Id.* at \*2. Relying on cases from North Carolina, Oregon, and Texas, we determined that Prater was authorized to accept service of process for both defendants because she was authorized to sign for certified mail. *Id.* at \*5.

This case requires us to reconsider the analysis utilized in *Boles* to find that Prater was authorized to accept service of process on behalf of Brooks and Tennessee Farmers because she could sign for certified mail for both defendants. It is clear that Rule 4.04(10) is intended to give plaintiffs an alternate means of effectuating service of process. We must also determine whether our analysis of Rule 4.04(10) in *Boles* in effect expanded the class of persons authorized under Rules 4.04(1) and 4.04(4) to accept service of process.

First, we must look at the cases from other jurisdictions cited in *Boles* to support the conclusion that Prater was authorized to accept services of process. In *Boles*, we relied on *Fender v. Deaton*, 503 S.E.2d 707, 710 (N.C. Ct. App. 1998); *Bay Plaza Management Co. v. Estep*, 525 P.2d 56, 58 (Or. 1974) (applying California law); and *Hill Country Spring Water of Texas, Inc. v. Krug*, 773 S.W.2d 637, 639–40 (Tex. Ct. App. 1989) (applying Ohio law), to support that holding. We examine these cases in turn.

In *Fender*, the North Carolina Court of Appeals held that a defendant was properly served under the North Carolina Rule of Civil Procedure allowing for service by mail, where an employee at the defendant's office signed the return receipt. *Fender*, 503 S.E.2d at 707, 711. The *Fender*

court relied on a North Carolina rule providing that the filing of an affidavit by the plaintiff meeting certain requirements, along with the return receipt "signed by the person who received the mail if not the addressee raises a presumption that the person who received the mail and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." *Id.* at 710 (quoting N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2)). The defendant in *Fender* attempted to rebut the presumption under the rule by stating in his affidavit that employees at the office were not authorized to accept service of process on his behalf. *Id.* The North Carolina court rejected this assertion, noting that the record established that the employee who accepted service of process routinely signed for certified mail. *Id.* Therefore, the court found that "the defendant failed to rebut the presumption that [the employee] was acting for him in receiving and signing for the certified mail." *Id.* at 711. In contrast to North Carolina, Tennessee has neither a statute nor a rule establishing a presumption that a person who signs for a defendant's certified mail is the defendant's agent for service of process. We must conclude, then, that *Fender* is distinguishable from the situation presented in *Boles*.

In *Bay Plaza*, the plaintiff filed a lawsuit in California. *Bay Plaza*, 525 P.2d at 57. Pursuant to the California Code of Civil Procedure, the plaintiff sought to serve the defendant with process by registered airmail, return receipt requested, at the defendant's Oregon business address. *Id.* The return receipt was signed by the defendant's secretary, who signed the defendant's name, as well as her own as "addressee's agent." *Id.* A default judgment was entered against the defendant in the California court. *Id.* The plaintiff then filed a petition in Oregon to register the foreign judgment, which the Oregon trial court granted. *Id.* On appeal in Oregon, the defendant argued that the service of process attempted in the original California proceeding was insufficient to give the California court personal jurisdiction over him because the California Rule of Civil Procedure violated his due process rights. He contended that due process requires that the return receipt for service of process be signed by the defendant himself. *Id.*

In *Bay Plaza*, the Oregon Supreme Court cited the California rule that allowed for service of process by "any form of airmail requiring a return receipt" and allowed proof of such service to be shown by "evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." The Oregon court found that the California rule satisfied federal due process rights as set forth in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). *Id.* at 57–58. We must conclude that *Bay Plaza* is distinguishable from the situation presented in *Boles* because the California rule is substantially different from the Rules in Tennessee,[6] and because the analysis focused on due process, not authorization to accept service of process under the Rules of Civil Procedure.

In *Hill Country*, the plaintiff filed suit in Ohio against the defendant corporation. *Hill Country*, 773 S.W.2d at 638. The plaintiff attempted service on the defendant via certified mail at its business address in Texas. *Id.* The certified mail was signed for by a person who signed as the

---

[6]In particular, the California rule provided that service could be found adequate if it was shown that the defendant received actual notice of the lawsuit. *Bay Plaza*, 525 P.2d at 57 (quoting Cal. Code Civ. P. § 417.20). The Tennessee rules have no such provision.

-12-

defendant's "agent." *Id.* at 639–40.  A default judgment was entered against the defendant in Ohio. *Id.* at 638.

The plaintiff then filed a petition in Texas seeking to enforce the Ohio judgment.  *Id.*  The Texas trial court permitted the plaintiff to enforce the Ohio judgment, and the defendant appealed. *Id.*

On appeal, the defendant corporation challenged the Ohio court's exercise of personal jurisdiction over it.  *Id.* at 639.  The Texas appellate court looked to the Ohio Rules of Court to determine if service of process on the defendant was effective.  *Id.*  The relevant Ohio rule provided that service shall be made upon a corporation "by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation."  *Id.* (quoting Ohio R. Civ. P. 4.2(6)).  The Texas court found that the service of process on the defendant corporation via certified mail at the defendant's usual place of business "satisfied the requirements of the Ohio service of process rule."  *Id.* at 640.

We must conclude that *Hill Country* is distinguishable from the situation in *Boles* as well. The Ohio service of process rules are considerably broader than are the Tennessee rules.  In Ohio, the only requirement for serving a corporation by certified mail is that the service be made "at any of its usual places of business."  In contrast, in Tennessee, service upon a corporate defendant via certified mail must be made upon an officer, managing agent, chief agent in the county where the action is brought, or an agent authorized to receive service of process.  Tenn. R. Civ. P. 4.04(4). Consequently, the *Hill Country* court, in its analysis, did not discuss at all the authority of the person who signed the return receipt purportedly as "agent" of the corporation.  Thus, the *Hill Country* case does not illuminate whether a person who signs a return receipt for service of process via certified mail would be deemed "authorized" to do so under the Tennessee rules governing service of process. Therefore, in looking again at the cases outside Tennessee upon which we relied in *Boles*, we must conclude that our reliance on those cases was misplaced.  This leads us to consider again the interplay of Rule 4.04(10) with Rules 4.04(1) and 4.04(4), as it relates to authority to accept service of process.

Rule 4.04(10) was applied by a federal court in *Massey v. Hess*, No. 1:05-cv-249, 2006WL 2370205 (E.D. Tenn. Aug. 14, 2006).  In *Massey*, the plaintiffs filed suit against the defendants in a Tennessee federal court.  *Id.* at *1.  The plaintiffs served process on the defendant police officers in Virginia via certified mail to the Virginia police station where the officers were employed.  *Id.* The summons and complaint were signed for and received by another employee of the police department.  *Id.*  The defendants asserted insufficiency of service of process.  *Id.*  Because the lawsuit was filed in Tennessee federal court, the federal district court looked to the Tennessee Rules of Civil Procedure to determine if the defendant police officers were adequately served.  *Id.* at *2.

The district court noted that there was no evidence that the employee who signed for the certified mail was "an authorized agent" of either of the defendants.  *Id.*  Distinguishing *Boles*, the district court found that the employee who received service was not "specifically authorized to sign for and receive certified mail on behalf of" the defendant police officers.  *Id.*  Rather, she was "simply a person who works in the same office as Defendants."  *Id.*  It found that the employee was

not authorized to accept service under Rule 4.04(1).  ***Id.***  Applying Rule 4.04(10) on service via certified mail, the district court found that the employee who signed the return receipt was not authorized to accept service of process.  ***Id.*** at *3.

In a footnote, the district court commented that the language in Rule 4.04(10) "suggests strongly service by certified mail is sufficient, outside the context of a default judgment, even if someone other than the defendant or persons designated by Rule 4.04 or statute signs for the certified mail." ***Id.*** at *3 n.4.  However, reading Rule 4.04(10) together with Rule 4.03(2) on completion of service by mail,[7] the district court stated that the return receipt must be signed by the defendant "or by a person designated by Rule 4.04 or by statute regardless of whether a default judgment is at issue." ***Id.***

Reading Rule 4.04(10) in the context of the entirety of Rule 4.04 and the other rules pertaining to service of process, we must conclude that Rule 4.04(10) is intended to provide plaintiffs with an alternate means of effectuating service, but is not intended to expand the class of persons who are authorized to accept service of process under Rules 4.04(1) and 4.04(4).

For an individual, the touchstone remains whether service, by certified mail or by in-person delivery, is made upon "the individual personally" or upon "an agent authorized by appointment or by law to receive service on behalf of the individual served." Tenn. R. Civ. P. 4.04(1).  When it is the individual's agent, rather than the individual, who is served, the agent must have either express or implied actual authority to accept service of process on the individual's behalf. ***See*** 4A WRIGHT & MILLER, *supra* § 1097.

For a corporation, service by certified mail or by in-person delivery must be made upon "an officer or managing agent thereof, or . . . the chief agent in the county wherein the action is brought," or "any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4).  Under ***Garland***, whether the agent satisfies the first part of Rule 4.04(4) is determined by looking at whether the person is "so integrated with the organization that he will know what to do with the papers" and whether the person is "an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." ***Garland***,  658 S.W.2d at 531 (citations omitted).  For an agent to satisfy the second part of Rule 4.04(4) allowing for delivery to one "authorized by appointment" to receive service on the corporation's behalf, the agent must be one who is either expressly or impliedly authorized by the corporation to receive service of process. ***See*** 4A WRIGHT & MILLER, *supra* § 1101.

---

[7] Rule 4.03(2) provides in pertinent part as follows:

> If the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute, service on the defendant shall be complete.  If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.03(2).

Authority to sign for certified mail may be a factor in determining whether the person who signs the return receipt is "authorized by appointment . . . to receive service" on behalf of the defendant or whether the person is "an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive services." However, to the extent that **Boles** may be read as holding that the ability to sign for certified mail, in and of itself, equates to authority to receive service of process, we find that its analysis was erroneous.

We go on, then, to determine whether Ms. Funderburk was "authorized by appointment" to receive service on behalf of Dr. Haynes, and whether she was either "authorized by appointment" to receive service or whether she was "an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on [her] part to receive service" on MedSouth's behalf.

To determine whether Ms. Funderburk was authorized to accept service on the Defendants' behalf, we begin by discussing her position with MedSouth. Ms. Funderburk was a MedSouth employee who worked in the administrative office as an accounts payable and payroll clerk. While she was authorized to sign for mail, she was not specifically authorized to accept service of process on behalf of either Dr. Haynes or MedSouth, and she was not an "officer," "managing agent," or "chief agent" of MedSouth in Dyer County.

For service upon Ms. Funderburk to be effective against Dr. Haynes, the record must show that he gave her either express or implied actual authority to accept service of process on his behalf. *Id.* § 1097. Here, Ms. Funderburk clearly did not have express actual authority to accept service of process on behalf of Dr. Haynes. In the affidavit submitted with his motion for summary judgment, Dr. Haynes testified that Ms. Funderburk was not authorized to accept service of process on his behalf, and Ms. Funderburk corroborated this in her deposition. Nothing in the record indicates that acceptance of service of process on behalf of Dr. Haynes was incidental and necessary to Ms. Funderburk's job duties as an accounts payable and payroll clerk. Although she was authorized to sign for certified mail, as we have noted, that fact in and of itself is not sufficient to support a finding of implied authority. Therefore, Ms. Funderburk did not have implied actual authority to accept service of process on behalf of Dr. Haynes. Under all of these circumstances, we must conclude that service on Dr. Haynes by certified mail signed by Ms. Funderburk did not comply with Rules 4.04(10) and 4.03(2).

We now address whether the delivery of certified mail signed by Ms. Funderburk was effective service on MedSouth. First, we address whether Ms. Funderburk was "authorized by appointment" to accept service of process on MedSouth's behalf. For this to be the case, MedSouth must have given Ms. Funderburk either express or implied actual authority to accept service of process on its behalf. *Id.* § 1101. It is clear from the affidavits of MedSouth's administrator Mr. Alred and from Ms. Funderburk's deposition testimony that she did not have express actual authority. Also, as noted above, nothing in the record indicates that acceptance of service of process on behalf of MedSouth was incidental and necessary to Ms. Funderburk's job duties or that her authority to sign for certified mail gave her implied authority to accept service of process. Therefore, Ms. Funderburk did not have implied actual authority to accept service of process on behalf of MedSouth.

-15-

Finally, because it is undisputed that Ms. Funderburk was not an "officer," "managing agent," or "chief agent" in Dyer County for MedSouth, we address whether her position in the administrative office as an accounts payable and payroll clerk with the authority to sign for certified mail placed her "in such a position as to render it fair, reasonable and just to imply the authority on [her] part to receive service" on MedSouth's behalf. The cases that we have cited that allowed clerical employees to accept service of process on behalf of the corporation found that service was proper, despite the employee's job title, because of the relatively small size of the company or because the employee had managerial responsibilities. *See Direct Mail*, 840 F.2d at 688–89; *Top Form*, 428 F. Supp. at 1251.

The record does not detail Ms. Funderburk's duties as an accounts payable and payroll clerk; nothing in the record indicates that she was charged with the duties of a manager. Although Ms. Funderburk was authorized to sign for certified mail, she was one of several employees in the administrative office who could do so, indicating that she was not in a position of authority within the organization. Indeed, in her deposition, Ms. Funderburk testified that certified mail is signed by "the first person in administration [whom the postal employee] finds."

In this case, the record does not support a finding that Ms. Funderburk played a large role in the structure of MedSouth or that she had responsibilities consistent with a manager. Under all of these circumstances, we cannot conclude that Ms. Funderburk was "in such a position as to render it fair, reasonable and just to imply the authority on [her] part to receive service" on MedSouth's behalf. Therefore, we must find that the service of process on MedSouth via certified mail signed by Ms. Funderburk did not comply with Rules 4.04(10) and 4.03(2).

We find that the delivery of certified mail signed by Ms. Funderburk was not effective service of process on either Dr. Haynes or MedSouth. Consequently, we must conclude that the trial court erred in denying the Defendants' motion for summary judgment.

### Conclusion

The decision of the trial court is reversed, and the cause is remanded for entry of summary judgment in favor of the Defendants. The costs of this appeal are taxed to the Appellee Billie Gail Hall, as Surviving Spouse of Billy R. Hall, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE